**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division**

**ANTHONY R. THOMAS, and
ERICA D. THOMAS,**

    *Plaintiffs*,

    v.                                                   Civil Action No. 5:17-cv-120

**NATIONSTAR MORTGAGE LLC,
FORTRESS INVESTMENT GROUP, and
JOHN DOE,**

    *Defendants.*

**DEFENDANTS NATIONSTAR MORTGAGE LLC
AND FORTRESS INVESTMENT GROUP'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants Nationstar Mortgage LLC ("Nationstar"), and Fortress Investment Group ("Fortress"; collectively "Defendants"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this Memorandum in Support of their Motion to Dismiss the Complaint filed by Plaintiffs Anthony R. Thomas and Erica D. Thomas (collectively "Plaintiffs"), and state as follows:

**INTRODUCTION**

In this suit, Plaintiffs claim violations of several federal statutes with minimal factual allegations. Specifically, Plaintiffs appear to allege violations of the Fair Debt Collection Practices Act, the Home Mortgage Disclosure Act, the Equal Credit Opportunity Act, the Fair Housing Act, and possibly the Fair Credit Reporting Act. However, for the reasons detailed below, Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, all of their claims should be dismissed with prejudice.

## FACTUAL ALLEGATIONS[1] AND PROCEDURAL HISTORY

On or around November 11, 2004, Plaintiffs executed a promissory note (the "Note"), a true and accurate copy attached hereto as **Exhibit A**, and a deed of trust (the "Deed of Trust"), a true and accurate copy attached hereto as **Exhibit B**, in order to finance real property located at 107 S. 7th Avenue, Paden City, West Virginia 26159 (the "Property").[2] *See* ECF No. 1-1 ¶ 6.

In the Note, Plaintiffs promised that "[w]hen I make a prepayment, I will tell the Note Holder in writing that I am doing so." Ex. A ¶ 4. The Deed of Trust provides that "[p]ayments are deemed received by Lender when received at the location designated . . . by the Lender." Ex. B ¶ 1. Additionally, Plaintiffs promised to obtain written consent prior to selling any interest in the Property. *Id.* ¶ 17 ("If all or any part of the Property or an Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.").

On or around September 24, 2015, Plaintiffs sold the Property to Robert D. Rine. ECF No. 1-1 ¶ 7. To pay off the amount still owed on the Property, Plaintiffs allegedly tendered $53,281.25 to Nationstar. *Id.* ¶¶ 6, 8. "Said payoff was provided . . . in the form of a check drawn on the trust account of" Plaintiffs' counsel. *Id.* ¶ 9. Nationstar allegedly "required that the form of payment be in the form of a certified check, cashier's check, and or money order." *Id.* ¶ 11. Plaintiffs' requested return of the check "in exchange for a certified check or money

---

[1] The factual recitations contained herein are taken from Plaintiffs' Complaint. Defendants do not concede that such recitations are accurate, but assume them to be true solely for the purposes of the instant motion. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (observing that a court considering a Rule 12(b)(6) motion "'must accept as true all of the factual allegations contained in the complaint'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

[2] On a 12(b)(6) Motion, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Howard v. City of Clarksburg*, No. 1:13CV189, 2013 U.S. Dist. LEXIS 186137, at *6 (N.D. W. Va. Dec. 3, 2013).

2

order" and Nationstar allegedly "refused to return Plaintiffs' check and refused to process said payment." *Id.* ¶¶ 12, 13.

On June 29, 2017, Plaintiffs filed their Complaint in the Circuit Court of Wetzel County, West Virginia. *Id.* On August 4, 2017, Defendants timely removed the matter to this Court and now files this Motion to Dismiss. ECF No. 1.

## STANDARD OF REVIEW

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Horowitz v. Fed. Ins. Co.*, No. 16-1769, 2017 WL 955252, at *1 (4th Cir. Mar. 10, 2017) (holding that "a complaint must contain sufficient facts to state a claim that is plausible on its face"); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Complaints with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor, it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**ARGUMENT**

I.     **Plaintiffs' Complaint fails to meet the pleading standard of Rule 8.**

"Rule 8 requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *CWS Trucking, Inc. v. Welltech Eastern, Inc.*, No. 2:04-CV-84, 2005 U.S. Dist. LEXIS 48721, at *8, 2005 WL 2237788 (N.D. W. Va. Sept. 14, 2005) (quoting Fed. R. Civ. P. 8(a)(2)). "Courts interpreting this rule have stated that fair notice of the claim be given to both the defendant and the court." *Id.* "A shotgun pleading is one in which the complaint 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or if it is virtually impossible to know which allegations of fact are intended to support which claims(s) for relief.'" *Walton v. Greensville Corr. Ctr.*, No. 3:14CV628, 2015 U.S. Dist. LEXIS 66686, at *22, 2015 WL 2452451 (E.D. Va. May 21, 2015) (quoting *Suntrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, 3:12CV162, 2012 U.S. Dist. LEXIS 185910, 2012 WL 7062086, at *7 (E.D. Va. Sep. 11, 2012)). "'Pleadings of this nature are prohibited by Rule 8(a)(2).'" *Suntrust Mortg., Inc. v. Old Second Nat'l Bank*, No. 3:12cv99-JAG, 2012 U.S. Dist. LEXIS 65932, at *10, 2012 WL 1656667 (E.D. Va. May 10, 2012) (quoting *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008)).

Here, "it is virtually impossible to know which allegations of fact are intended to support which claims(s) for relief.'" *Walton*, 2015 U.S. Dist. LEXIS 66686, at *22. Plaintiffs claim that "the Defendants have engaged in a pattern of harassment and multiple violations of the Fair Debt Collections Practice Act." ECF No. 1-1 ¶ 19. Plaintiffs also claim that "[t]he actions of the Defendant have constituted multiple violations of the Home Mortgage Disclosure Act and the Equal Credit Opportunity Act, as well as the Fair Housing Act." *Id.* Even though these Acts encompass dozens of statutes containing many provisions, Plaintiffs fail to cite a single statute

that Defendants allegedly violated. *Id.*, *passim*. Furthermore, Plaintiffs' bald assertions fail to allege *how* Defendants allegedly violated these Acts. *Id.*, *passim*.

Plaintiffs' failure to cite statutory provisions and failure to allege more than conclusory statements means "the complaint 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or . . . it is virtually impossible to know which allegations of fact are intended to support which claims(s) for relief.'" *Walton*, 2015 U.S. Dist. LEXIS 66686, at *22. Indeed, complaints with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

Since "[p]leadings of this nature are prohibited by Rule 8(a)(2)," *Suntrust Mortg., Inc.*, 2012 U.S. Dist. LEXIS 65932, at *10, Plaintiffs have failed to state a claim for which relief can be granted. Therefore, the Court should dismiss Plaintiffs' Complaint with prejudice.

**II.     Even if Plaintiffs' Complaint was sufficient under Rule 8, their individual counts as stated fail as a matter of law.**

Plaintiffs claim that "the Defendants have engaged in a pattern of harassment and multiple violations of the Fair Debt Collection Practices Act" and "violations of the Home Mortgage Disclosure Act and the Equal Credit Opportunity Act, as well as the Fair Housing Act." ECF No. 1-1 ¶¶ 19, 20. Plaintiffs also appear to state a claim under the Fair Credit Reporting Act. *See id.* ¶¶ 14−18. For the reasons set forth below, these claims fail as a matter of law.

**A.     FDCPA**

Plaintiffs claim that "the Defendants have engaged in a pattern of harassment and multiple violations of the Fair Debt Collection Practices Act." ECF No. 1-1 ¶ 19. However, Plaintiffs' claims are barred by the statute of limitations and, even if not barred, their claims are insufficient as a matter of law.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, "protects consumers from abusive and deceptive debt collection practices." *Ben-Davies v. Blibaum & Assocs., P.A.*, No. 16-2188, 2017 U.S. App. LEXIS 9667, at *4, 2017 WL 2378920 (4th Cir. June 1, 2017). "To state a claim under the FDCPA, a plaintiff must show: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Patrick v. Teays Valley Trs., LLC*, No. 3:12-CV-39, 2012 U.S. Dist. LEXIS 170395, at *27 (N.D. W. Va. Nov. 30, 2012). "In order to satisfy the . . . element . . . that the Defendant was attempting to collect a debt in violation of the FDCPA[,] the Court looks to the alleged violations contained in the complaint and the elements of proof required for each violation." *Meadows v. Mann Bracken LLP (In re Meadows)*, 425 B.R. 806, 809−10 (Bankr. W.D. Va. 2010).

Foremost, Plaintiffs FDCPA claims are barred by the statute of limitations. "[T]he statute of limitations relating to violations of the FDCPA is one year." *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998) (citing 15 U.S.C. § 1692k(d)). Plaintiffs repeatedly reference events surrounding the date September 24, 2015. ECF No. 1-1 ¶¶ 4, 7. Accordingly, Plaintiffs had until September 24, 2016 to bring their FDCPA claims. *See* 15 U.S.C. § 1692k(d). Plaintiffs did not file this suit until June 29, 2017. ECF No. 1-1. Thus, Plaintiffs claims are barred by the statute of limitations under the FDCPA.

Even if Plaintiffs' claim was not barred by the statute of limitations, it would be insufficient as a matter of law. In support of their FDCPA claim, Plaintiffs state that "the Defendants continue to engage in illegal and unfair collection practices in an attempt to collect a debt no longer owed." ECF No. 1-1 ¶ 19. And, "[i]n doing so, the Defendants have engaged in a

6

pattern of harassment and multiple violations of the" FDCPA. *Id.* Plaintiffs do not allege that they have "been the object of a collection activity arising from consumer debt." *See id.*, *passim*; *Patrick*, 2012 U.S. Dist. LEXIS 170395, at *27. Plaintiffs do not allege that either Nationstar or Fortress is a "debt collector as defined by the FDCPA." *See* ECF No. 1-1, *passim*; *Patrick*, 2012 U.S. Dist. LEXIS 170395, at *27. Furthermore, Plaintiffs do not allege how either Nationstar or Fortress "engaged in an act or omission prohibited by the FDCPA." *See* ECF No. 1-1, *passim*; *Patrick*, 2012 U.S. Dist. LEXIS 170395, at *27.

Accordingly, Plaintiffs' FDCPA claim fails because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79, and because "a district court 'is not obliged to ferret through a Complaint, searching for viable claims,'" *Bailey v. Bank of Am.*, No. ELH-16-2243, 2017 U.S. Dist. LEXIS 53674, *23 (D. Md. Apr. 7, 2017) (quoting *Wynn-Bey v. Talley,* No. RWT-12-3121, 2012 U.S. Dist. LEXIS 168892, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)). Therefore, this Court should dismiss Plaintiffs' FDCPA claim.

### B. HMDA

Plaintiffs claim that "[t]he actions of the Defendant have constituted multiple violations of the Home Mortgage Disclosure Act." ECF No. 1-1 ¶ 20. However, Plaintiffs cannot bring a claim under this Act.

"The Home Mortgage Disclosure Act [("HMDA")], 12 U.S.C. §§ 2801 *et seq.*, provides for the maintenance of records and public disclosure by depository institutions, including materials relating to mortgage loans." *Lee v. E-Trade Financial Corp.*, No. 12 Civ. 6543 (PAE), 2013 U.S. Dist. LEXIS 111104, at *16, 2013 WL 4016220 (S.D.N.Y. Aug. 6, 2013) (citing 12 U.S.C. § 2803). However, "[t]he HMDA does not provide aggrieved mortgagees with private right of action; only the appropriate administrative agency can properly maintain an action."

7

*Macauley v. Estate of Nicholas*, 7 F. Supp. 3d 468, 487 (E.D. Pa. 2014) (citing 12 U.S.C. § 2804); *see also Hewett v. Shapiro & Ingle LLP*, No. 1:11CV278, 2011 U.S. Dist. LEXIS 112080, at *8 n.3 (M.D.N.C. Sept. 29, 2011). Because Plaintiffs are not an administrative agency and "[t]he HMDA does not create a private right of action," Plaintiffs' claim under HDMA should therefore be dismissed with prejudice. *See Hewett*, 2011 U.S. Dist. LEXIS 112080, at *8 n.3.

### C. ECOA

Plaintiffs claim that "[t]he actions of the Defendant have constituted multiple violations of . . . the Equal Credit Opportunity Act." ECF No. 1-1 ¶ 20. However, Plaintiffs' claim is insufficient as a matter of law.

"Under the Equal Credit Opportunity Act [("ECOA")], a creditor may not make credit decisions based upon certain discriminatory factors." *Givens v. Main St. Bank*, No. 5:08CV25, 2008 U.S. Dist. LEXIS 73873, at *25, 2008 WL 4415440 (N.D. W. Va. Sept. 25, 2008). Such discriminatory factors include "race, color, religion, national origin, sex or marital status, or age," or income. 15 U.S.C. § 1691(a). "[A]n ECOA prima facie claim consists of four elements: 1) plaintiff is a member of a protected class; 2) plaintiff applied for and was qualified for an extension of credit; 3) plaintiff's application for credit was rejected by the defendant despite his or her qualifications; and 4) the defendant continued to extend credit to others of similar credit stature outside of the protected class." *Bowman v. Bank of Am. N.A.*, 2016 U.S. Dist. LEXIS 184655, at *20−21 (D.S.C. June 15, 2016) (citing *Wise v. Vilsack*, 496 F. App'x 283, 285 (4th Cir. 2012)).

Here, Plaintiffs' Complaint is void of allegations related to credit decisions, purported discrimination, their membership of a protected class, or any discriminatory factors. ECF No. 1-

8

1, *passim*.  Therefore, Plaintiffs' bare-bones assertion of a violation of the ECOA is insufficient as a matter of law, and Plaintiffs'' claims should be dismissed accordingly.

      **D.**    **FHA**

Plaintiffs claim "[t]he actions of the Defendant have constituted multiple violations of . . . the Fair Housing Act" ("FHA").  ECF No. 1-1 ¶ 20.  However, Plaintiffs' allegations fail as a matter of law.

"'The FHA was 'enacted . . . to provide for fair housing throughout the United States.'" *Evans v. UDR Inc.*, 644 F. Supp. 2d 675, 679 (E.D.N.C. 2009) (quoting *Bryant Woods Inn v. Howard County*, 124 F.3d 597, 602 (4th Cir. 1997)).  "To accomplish this, the FHA 'makes it unlawful, inter alia, to discriminate in the sale or rental of housing or otherwise to make housing unavailable to a buyer or renter because of that buyer's or renter's handicap or the handicap of certain persons associated with the buyer or renter.'"  *Id.* (quoting *Bryant Woods Inn*, 124 F.3d at 602−03).  "To prove a prima facie case of discrimination under the FHA, [one must] demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact."  *Greengael, LC v. Bd. of Supervisors*, 313 F. App'x 577, 581 (4th Cir. 2008).

Here, Plaintiffs' Complaint is void of allegations related to the sale or rental of housing, purported discrimination, Plaintiffs' alleged handicap or any other discriminatory factors.  ECF No. 1-1, *passim*.  Therefore, Plaintiffs' bare-bones assertion of a violation of the FHA is insufficient as a matter of law, and Plaintiffs'' claims should be dismissed accordingly.

      **E.**    **FCRA**

To the extent Plaintiffs attempt to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *see* ECF No. 1-1 ¶¶ 14−18, those allegations too fail as a matter of law.

9

As an initial matter, "there is no private right of action under Section 1681s-2(a) for furnishing inaccurate information to a credit reporting agency." *Smith v. Am. Express*, No. 1:13-3014, 2014 U.S. Dist. LEXIS 45335, at *27 (S.D. W. Va. Jan. 15, 2014).  Under Section 1681s-2(b), "[t]he FCRA provides that upon receiving a dispute of accuracy from a *credit reporting agency*, a furnisher is obligated to conduct a reasonable investigation of the dispute, report its results to the credit reporting agency, and modify or delete incorrect information." *Id.* at *28. "'Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from a consumer.'" *Id.* (quoting *Peasley v. Version Wireless LLC*, 364 F.Supp.2d 1198, 1200 (S.D. Cal. 2005)).  "Thus, a furnisher of credit information, such as the Defendants, have no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency." *Id.* at *29.

Here, Plaintiffs allege that "the Defendants have continued to report to all major credit bureaus that the Plaintiffs are in default." ECF No. 1-1 ¶ 14.  Plaintiffs claim that "[t]he false and negative reporting by the Defendant ahs defamed the character and reputation of the Plaintiffs in the community." *Id.* ¶ 15.  However, nowhere do Plaintiffs allege that they disputed the alleged credit reporting to a consumer reporting agency. *Id.*, *passim*.  Since "the duty imposed by § 1681s-2(b) [is] triggered . . . [by] recei[pt] [of] notice of the dispute from a consumer reporting agency," *Smith*, 2014 U.S. Dist. LEXIS 45335, at *28, Defendants have not and could not have violated the FCRA as currently alleged.  Accordingly, the Court should dismiss any claim under the FCRA to the extent alleged by Plaintiffs.

## **CONCLUSION**

For the foregoing reasons, Defendants Nationstar Mortgage LLC and Fortress Investment Group respectfully request that the Court grant their Motion to Dismiss; dismiss Plaintiffs' Complaint with prejudice; and grant them any further relief the Court finds equitable and just.

Dated: August 10, 2017            Respectfully submitted,

**NATIONSTAR MORTGAGE LLC and FORTRESS INVESTMENT GROUP**

By: /s/ Massie Payne Cooper
          Of Counsel

Massie Payne Cooper (W. Va. Bar No. 12654)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1392
Facsimile: (804) 697-1339
E-mail: massie.cooper@troutmansanders.com

*Counsel for Defendants Nationstar Mortgage LLC and Fortress Investment Group*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling Division

**ANTHONY R. THOMAS, and**
**ERICA D. THOMAS,**

    *Plaintiffs*,

    v.                                                       Civil Action No. 5:17-cv-120

**NATIONSTAR MORTGAGE LLC,**
**FORTRESS INVESTMENT GROUP, and**
**JOHN DOE,**

    *Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2017, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Counsel for Plaintiffs**
Kevin L. Neiswonger
Neiswonger and White
409 Morton Avenue
Moundsville, West Virginia 26041

                               /s/ Massie Payne Cooper
                               Massie Payne Cooper (W. Va. Bar No. 12654)
                               TROUTMAN SANDERS LLP
                               1001 Haxall Point
                               Richmond, Virginia 23219
                               Telephone: (804) 697-1392
                               Facsimile: (804) 697-1339
                               E-mail: massie.cooper@troutmansanders.com

                               *Counsel for Defendants Nationstar Mortgage*
                               *LLC and Fortress Investment Group*