IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY R. THOMAS and
ERICA D. THOMAS,

            Plaintiffs,

v.                                          Civil Action No. 5:17CV120
                                                              (STAMP)
NATIONSTAR MORTGAGE, LLC,
FORTRESS INVESTMENT GROUP,
and JOHN DOE,

            Defendants.


                    **MEMORANDUM OPINION AND ORDER**
                **GRANTING DEFENDANTS' MOTION TO DISMISS AS**
                     **TO THE FDCPA, HMDA, AND FCRA CLAIMS**
                **AND GRANTING WITH LEAVE TO AMEND DEFENDANTS'**
                  **MOTION TO DISMISS AS TO THE ECOA AND FHA CLAIMS**

                            I.  Background

    Defendants Fortress Investment Group and Nationstar Mortgage, LLC ("Nationstar") removed this civil action to this Court from the Circuit Court of Wetzel County, West Virginia. The plaintiffs, Anthony R. Thomas and Erica D. Thomas, commenced the civil action in state court seeking to recover damages arising out of the defendants' alleged violations of the Fair Debt Collections Practice Act (the "FDCPA"), the Home Mortgage Disclosures Act (the "HMDA"), the Equal Credit Opportunity Act (the "ECOA"), and the Fair Housing Act (the "FHA"). The plaintiffs also seem to allege a violation of the Fair Credit Reporting Act (the "FCRA"). The complaint names a third defendant, John Doe, to include "any parent

corporations and/or subsidiaries of the Defendant of which the Plaintiffs are unaware."

The facts alleged in the complaint can be summarized as follows: The plaintiffs sold their home, at which time they owed $53,281.25 to defendant Nationstar pursuant to a promissory note by which they borrowed funds to purchase the home. After the sale, the plaintiffs paid the amount owed to Nationstar in the form of a check drawn on a trust account. Nationstar would not accept the check, indicating that it required a certified check, cashier's check, or money order. The defendants would not return the check drawn on the trust account to the plaintiffs in exchange for an acceptable form of payment. As a result, the defendants have reported to major credit bureaus that the plaintiffs are in default of their loan obligation.

The defendants have filed a motion to dismiss. In the motion to dismiss, the defendants argue (1) that the plaintiffs' complaint fails to meet the pleading standard of Federal Rule of Civil Procedure 8 and (2) that, even if the plaintiffs' complaint was sufficient under Rule 8, the individual counts as stated fail as a matter of law. The defendants' motion to dismiss is now fully briefed and ripe for decision. For the following reasons, the motion to dismiss is granted as to the FDCPA, HMDA, and FCRA claims and granted with leave to amend as to the ECOA and FHA claims.

II. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a

statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. The FDCPA

The defendants argue that the plaintiffs' claims under the FDCPA fail because the claims are barred by the statute of limitations. Even if not barred by the statute of limitations, the defendants contend that the FDCPA claims are insufficient as a matter of law because the plaintiffs do not allege that either defendant is a "debt collector as defined by the FDCPA" or that either defendant "engaged in an act or omission prohibited by the FDCPA." ECF No. 7 at 7. The plaintiffs respond that the FDCPA

claims are not barred by the statute of limitations because the alleged violations are still ongoing.

To state a claim under the FDCPA, 15 U.S.C. §§ 1692-1692p, "a plaintiff must show: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Patrick v. Teays Valley Trs., LLC, No. 3:12-CV-39, 2012 WL 5993163, at *10 (N.D. W. Va. Nov. 30, 2012) (citing Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 377-79 (4th Cir. 2006)). More importantly in the present case, "the statute of limitations relating to violations of the FDCPA is one year." Heinemann v. Jim Walter Homes, Inc., 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998) (citing 15 U.S.C. § 1692k(d)).

Here, the allegations in the plaintiffs' complaint reference events that occurred on September 24, 2015. Thus, the plaintiffs had until September 24, 2016 to bring their FDCPA claims. However, the plaintiffs did not file this suit until June 29, 2017. Although the plaintiffs contend that the statute of limitations does not bar their FDCPA claims because the alleged violations were ongoing, this Court finds that the plaintiff's "continuing violations" argument fails. Additionally, this Court notes that the plaintiffs did not allege in their complaint that the alleged violations are ongoing. Rather, the plaintiffs allege that the

5

alleged violations are ongoing for the first time in their response to the defendants' motion to dismiss.

"Generally, an action under the FDCPA accrues 'when a communication violating the FDCPA is sent.' Lovegrove v. Ocwen Loan Servicing, LLC, No. 7:14-CV-00329, 2015 WL 5042913, at *15 (W.D. Va. Aug. 26, 2015) (quoting Akalwadi v. Risk Mgmt. Alts., Inc., 336 F. Supp. 2d 492, 501 (D. Md. 2004)). "Declining to restart the statute of limitations for related subsequent communications is consistent with the statutory text, Fourth Circuit precedent, and even legislative history, which suggests that the purpose of the FDCPA is to be effectuated 'without imposing unnecessary restrictions on ethical debt collectors.'" Bey v. Shapiro Brown & Alt, LLP, 997 F. Supp. 2d 310, 317 (D. Md. 2014) (quoting S. Rep. No. 95-382, at 1-2 (1977)).

Accordingly, this Court is not persuaded by the plaintiffs' ongoing violation argument and must grant the defendants' motion to dismiss as to the FDCPA claims.

B. The HMDA

The defendants argue that the HMDA claim fails because the plaintiffs are not an administrative agency and "the HMDA does not create a private right of action." ECF No. 7 at 8. The United States District Court for the Southern District of New York has addressed the defendants' argument as follows:

> The Home Mortgage Disclosure Act, 12 U.S.C. §§ 2801 et seq., provides for the maintenance of records and public

6

>disclosure by depository institutions, including materials relating to mortgage loans. See 12 U.S.C. § 2803. The HMDA does not give individual plaintiffs a private right of action. See 12 C.F.R. § 203.6 (providing for administrative enforcement of HMDA); Swartz v. City Mortgage Inc., 911 F. Supp. 2d 916, 935 (D. Haw. 2012) ("[T]he HMDA only provides for administrative enforcement."); Wellman v. First Franklin Home Loan Servs., No. 09 Civ. 1257 JM (NLS), 2009 WL 2423961, at *2 (S.D. Cal. Aug. 4, 2009); Swanson v. Citi, 706 F. Supp. 2d 854, 862–63 (N.D. Ill. 2009), rev'd on other grounds, 614 F.3d 400 (7th Cir. 2010). [The plaintiff] therefore cannot bring a claim for a violation of HMDA. That claim is thus dismissed with prejudice.

Lee v. E*Trade Fin. Corp., No. 12 Civ. 6543(PAE), 2013 WL 4016220, at *5 (S.D.N.Y. Aug. 6. 2013). This Court agrees that the HMDA does not provide a private cause of action. Accordingly, this Court finds that the defendants' motion to dismiss must be granted as to the HMDA claim.

C. The ECOA

The defendants argue that the ECOA claims are insufficient as a matter of law because the complaint "is void of allegations related to credit decisions, purported discrimination, their membership of a protected class, or any discriminatory factors." ECF No. 7 at 8. The plaintiffs argue that their allegations put the defendants on notice of the ECOA claims with sufficient clarity to allow the defendants to frame their responsive pleading.

"[The] ECOA establishes that it is 'unlawful for any creditor to discriminate against any applicant . . . on the basis of race.'" Wise v. Vilsack, 496 F. App'x 283, 285 (4th Cir. 2012) (citing 15 U.S.C. § 1691(a)(1)). To establish a prima facie case under the

7

ECOA, the plaintiffs must set forth the following four elements: (1) that they are members of a protected class; (2) that they applied for and were qualified for an extension of credit; (3) that their application for credit was rejected by the defendants despite their qualifications; and (4) that the defendants continued to extend credit to others of similar credit stature outside of the protected class. Id.

In the present case, the plaintiffs' complaint does not set forth any of the required elements for a prima facie case under the ECOA. Accordingly, the defendants' motion to dismiss is granted as to the ECOA claims, but with leave for the plaintiffs to amend their ECOA claims to set forth a prima facie case within twenty-one days from the date of the entry of this order.

D. The FHA

The defendants argue that the FHA claims fail as a matter of law because the complaint is "void of allegations related to the sale or rental of housing, purported discrimination, Plaintiffs' alleged handicap or any other discriminatory factors." ECF No. 7 at 9. Like with the ECOA claims, the plaintiffs argue that their allegations put the defendants on notice of the FHA claims with sufficient clarity to allow the defendants to frame their responsive pleading.

"The FHA, enacted pursuant to United States policy to provide for 'fair housing throughout the United States,' 42 U.S.C. § 3601,

makes it unlawful, <u>inter alia</u>, to discriminate in the sale or rental of housing or otherwise to make housing unavailable to a buyer or renter because of that buyer's or renter's handicap or the handicap of certain persons associated with the buyer or renter." <u>Bryant Woods Inn, Inc. v. Howard Cty., Md.</u>, 124 F.3d 597, 602-03 (4th Cir. 1997) (citing 42 U.S.C. § 3604(f)). "To prove a <u>prima facie</u> case of discrimination under the FHA, the [plaintiffs must] demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact." <u>Greengael, LC v. Bd. of Supervisors of Culpeper Cty., Va.</u>, 313 F. App'x 577, 581 (4th Cir. 2008) (citing <u>Betsey v. Turtle Creek Assocs.</u>, 736 F.2d 983, 986 (4th Cir. 1984)).

Like with the ECOA claims, the plaintiffs' complaint does not set forth the required elements for a <u>prima facie</u> case under the FHA. Specifically, the plaintiffs do not allege that the challenged actions were either motivated by a discriminatory purpose or had a discriminatory impact. Accordingly, the defendants' motion to dismiss is granted as to the FHA claims, but with leave for the plaintiffs to amend their FHA claims to set forth a <u>prima facie</u> case within twenty-one days from the date of the entry of this order.

E. <u>The FCRA</u>

The defendants argue that, to the extent the plaintiffs attempt to state a claim under the FCRA, the allegations fail as a

matter of law because there is no private right of action for furnishing inaccurate information to a credit reporting agency and because the plaintiffs do not allege that they disputed the alleged credit reporting to a consumer reporting agency.

The United States District Court for the Southern District of West Virginia has described the FCRA as follows:

> The FCRA imposes various obligations on three types of entities: consumer reporting agencies (CRAs), users of consumer credit reports, and entities that furnish debt information to CRAs, or 'furnishers.'" Evans [v. Trans Union, LLC], [No. 2:10-CV-00945], 2011 WL 672061, at *3 [(S.D. W. Va. Feb. 14, 2011)] (citing 15 U.S.C. §§ 1681–1681 x). Generally, the FCRA imposes two sets of duties upon furnishers. See 15 U.S.C. § 1681s-2(a) and (b). First, Section 1681 s-2(a) imposes a duty upon the furnisher to provide accurate information. 15 U.S.C. § 1681s-2(a). Second, upon receiving a dispute of inaccuracy from a credit reporting agency, Section 1681s-2(b) imposes a duty upon the furnisher to conduct a reasonable investigation, report the results of that investigation to the credit reporting agency, and modify or delete any inaccurate information. 15 U.S.C. § 1681s-2(a) and (b) . . . .

Smith v. Am. Exp., No. 1:13-3014, 2014 WL 4388259, at *6 (S.D. W. Va. Sept. 4, 2014).

In the present case, any alleged violation of the FCRA would presumably fall under the duty imposed by § 1681s-2(a). Section 1681s-2(b) would not apply because the plaintiffs do not allege that they disputed the credit reporting to a credit reporting agency. See id. ("Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a

10

consumer reporting agency, not from a consumer." (quoting <u>Peasley v. Verizon Wireless (VAW) LLC</u>, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005))). However, any alleged violation falling under § 1681s-2(a) must also fail because "there is no private right of action under Section 1681s-2(a) for furnishing inaccurate information to a credit reporting agency." <u>Id.</u> (citing <u>Carney v. Experian Info. Sols., Inc.</u>, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999)).

Accordingly, this Court finds that the defendants' motion to dismiss must be granted as to the FCRA claim.

## IV. <u>Conclusion</u>

For the reasons set forth above, the defendants' motion to dismiss the complaint (ECF No. 6) is GRANTED as to the FDCPA, HMDA, and FCRA claims and GRANTED WITH LEAVE TO AMEND as to the ECOA and FHA claims. The plaintiffs are DIRECTED to file any amended complaint, as to the ECOA and FCA claims only, within twenty-one (21) days from the date of the entry of this order

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   February 20, 2018

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE